**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SCOTTRADE, INC.,

               Plaintiff,

      v.

BROCO INVESTMENTS, INC. and VALERY
MALTSEV,

               Defendants,

and

GENESIS INVESTMENTS, LLC,

               Defendant/Garnishee.

1:10 Civ. 3537 (RJH)

---

### DEFENDANT/GARNISHEE GENESIS SECURITIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

---

**LAX & NEVILLE, LLP**

Brian J. Neville, Esq.
Barry R. Lax, Esq.
Brian Maddox, Esq.
1412 Broadway, Suite 1407
New York, NY 10018
Tel:  (212) 696-1999

*Attorneys for Defendant/Garnishee*
*Genesis Securities, LLC.*

**Table Of Contents**

Table of Authorities ..............................................................................................ii-v

Preliminary Statement ...........................................................................................1

Statement Of Facts ................................................................................................3

      1.  Parties...........................................................................................................3

      2.  The Background…………………………………………………………..3

Argument ...............................................................................................................4

POINT I

      THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE
      EXCHANGE ACT..........................................................................................4

      A.      Plaintiff Lacks Standing to Maintain An Actionable Section 10(b) Claim ............5

      B.      The Complaint Does Not Allege An Actionable Misrepresentation And/Or
              Omission………………………………………………………………….6

      C.      The Allegations Do Not Raise A "Strong Inference" Of Scienter………………7

      D.      The Complaint Cannot Allege Reasonable Reliance...............................................9

      E.      The Complaint Fails To Plead Loss Causation…………………………………10

      F.      The Complaint Does Not Allege An Actionable
              Market Manipulation Claim…………………………………………………...11

POINT II

      THE COMPLAINT DOES NOT STATE A CLAIM FOR CONTROL PERSON
      LIABILITY.....................................................................................................12

POINT III

      THE COMPLAINT FAILS TO STATE A CLAIM
      FOR MATCHED TRADES UNDER THE EXCHANGE ACT…………………..14

POINT IV

      THE COMPLAINT FAILS TO STATE A CLAIM FOR RECISSION…………..…15

POINT V

      PLAINTIFF'S CLAIM BASED UPON THE COMPUTER FRAUD
      AND ABUSE ACT SHOULD BE DISMISSED AS PLAINTIFF HAS
      FAILED TO ADEQUATELY PLEAD THAT GENESIS HACKED INTO
      PLAINTIFF'S POROUS COMPUTER SYSTEMS……………………………16

Conclusion…………………………………………………...………………………17

## Table Of Authorities

**CASES**                                                                    **Page**

*Acito v. IMCERA Group, Inc.*
        47 F.3d 47, 52, 54 (2d Cir. 1995)…………………….....….….…..……..……..7, 9

*ATSI Commc'n Inc. v. Shaar Fund, Ltd.*
        493 F.3d 87,98 (2d Cir. 2007)………………...……….…………………………....3, 10

*ATSI Commc'n Inc. v. Shaar Fund, Ltd.*
        357 F. Supp. 2d 712, 716 (S.D.N.Y. 2005)...………….……………………..…… ….....8

*Baxter v. A.R. Baron & Co., Inc.*
        1995 WL 600720 (S.D.N.Y. Oct. 12, 1995)………………….……… …………....…..5, 11

*Birnbaum v. Newport Steel Corp.*
        193 F.2d 461, 463-64 (2d Cir. 1952)…..………………………….. …………………....6

*In re Blech Secs. Litig.*
        928 F. Supp. 1279, 1294 (S.D.N.Y. 1996) …..………………………………………..7

*In re Blech Secs. Litig.*
        961 F. Supp. 568,580, 584-85 (S.D.N.Y. 1996) …………………..……………….11,12

*In re Blech Secs. Litig.*
        2002 WL 31356498 (S.D.N.Y. 2001)…………………………………....…………..11

*Bloor v. Carro, Spanbock, Londin, Rodman & Fass*
        754 F.2d 57, 61-62 (2d Cir. 1985)……………………….………………….. ……11

*Blue Chip Stamps v. Manor Drug Stores*
        421 U.S. 723, 730-31 (1975)……..……………………………………..…………....5

*In re Carter-Wallace, Inc. Secs. Litig.*
        220 F.3d 36, 39 (2d Cir. 2000)…………………….…………..……………..……………..8

*Cenveo, Inc. v. Rao*
        659 F.Supp.2d 312, 315 (D. Conn. Sept. 30, 2009) …………..…………………...........16

*In re Crazy Eddie Sec. Litig.*
        817 F. Supp. 306,315 (E.D.N.Y. 1993) ……..………………………………..………...7

*Dietrich v. Bauer*
        76 F. Supp. 2d 312, 329, 338 (S.D.N.Y. 1999)...……………………………………..5, 11

*DiVittorio v. Equidyne Extractive Indus., Inc.*
    822 F.2d 1242, 1247 (2d Cir. 1987) ……..…………….…....………….....……....7

*Dura Pharms, Inc. v. Broudo*
    544 U.S. 336, 343, 125 S. Ct. 1627, 1632 (2006) …………………..…….……….10

*Endovasc Ltd., Inc. v. J.P. Turner & Co., LLC*
    2004 WL 634171 (S.D.N.Y. 2004)………………………..…..………………....5

*Ernst & Ernst v. Hochfelder*
    425 U.S. 185, 205 n. 25, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) ………….……...........14

*In re FBR Inc. Sec. Litig.*
    544 F. Supp. 2d 346, 359 (S.D.N.Y. 2008) ……………………………....…….…..6

*Fezzani v. Bear, Stearns and Co. Inc.*
    384 F. Supp. 2d 618, 641 (S.D.N.Y. 2004)…………………………………………11, 14

*Frankel v. Slotkin*
    984 F.2d 1328, 1334 (2d Cir. 1993)……..…………………………………………6

*In re Global Crossing, Ltd. Secs. Litig.*
    471 F.Supp.2d 338, 351 (S.D.N.Y.2006) ……………………….……..…….…...13

*Global Intellicom, Inc. v. Thomson Kernaghan & Co.*
    1999 WL 544708 (S.D.N.Y. 1999)…..…………………………………...……….4, 6

*Gordon v. Burr*
    506 F.2d 1080, 1085 (2d Cir.1974) …………………………………….……….13

*Hart v. Internet Wire, Inc.*
    145 F. Supp. 2d 360, 367 (S.D.N.Y. 2001) …………………………………………8

*Kalnit v. Eichler*
    264 F.3d 131, 138 (2d Cir. 2001).….………………………………………………4

*Lanza v. Drexel & Co.*
    479 F.2d 1277, 1299 (2d Cir.1973)..…………….……………………………………13

*Lapin v. Goldman Sachs Group, Inc.*
    506 F. Supp. 2d 221, 244 (S.D.N.Y. 2006)..…………….…………..…….……… 13

*Lentell v. Merrill Lynch & Co.*
    396 F.3d 161,173 (2d Cir. 2005)…………………………….……………….…...…4, 10

*Log On Am., Inc. v. Promethean Asset Mgmt. L.L.C.*
    223 F.Supp.2d 435, 452 (S.D.N.Y. 2001)…………….…………….…….....…………15

*Marbury Mgmt., Inc. v. Kohn*
    629 F.2d 705, 715-16 (2d Cir. 1980)……………….……………….…….….…….13

*Medis Investor Group v. Medis Techs., Ltd.*
    586 F. Supp. 2d 136, 142 (S.D.N.Y. 2008) …………….………………….……...….8

*In re Merrill Lynch & Co.*
    273 F. Supp. 2d 351, 368-69 (S.D.N.Y. 2003)……………………………………….4

*Modern Settings, Inc. v. Prudential-Bache Secs., Inc.*
    603 F. Supp. 370, 372 (S.D.N.Y. 1985) …..………………………………….…...…8

*Nat' Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur*
    892 F.2d 199, 206 (2d Cir. 1989)………………….……….…….……………...........15

*In Re Optionable Sec. Litig.*
    577 F. Supp. 2d 681, 689, 691 (S.D.N.Y. 2008)………………………...…….…….6

*In re Refco, Inc. Sec. Litig.*
    503 F.Supp.2d 611, 661 (S.D.N.Y. 2007)...………………………….………….13

*Ross v. A.H. Robins Co., Inc.*
    607 F.2d 545, 557-58 (2d Cir. 1979)………….... …..……………………………...…..5

*Scone Inv., L.P. v. American Third Mkt. Corp.*
    1998 WL 205338 ………………………………….…….…….……………6, 11

*SEC v. Broco Inv., Inc. et al.*
    10-CV-2217 (RJH) …………………………………….………………..4

*SEC v. Cohmad Sec. Corp.*
    2010 WL 363844 (Feb. 2, 2010)………………….…………………………….9

*SEC v. Competitive Tech., Inc.*
    2005 WL 1719725 (D.Conn. 2005)……...………….………….…….…...…………14

*SEC v. First Jersey Secs., Inc.*
    101 F.3d 1450, 1472-1473 (2d Cir. 1996)………...……………….……….....12, 13

*SEC v. Malenfant*
    784 F.Supp. 141, 144 (S.D.N.Y. 1992) …………….……………………………..14

*SEC v. Monarch Funding Corp.*
      192 F.3d 295 (2d Cir. 1995) ………………………………………………...4

*SEC v. U.S. Environmental, Inc.*
      155 F.3d 107, 109 (2d. Cir.1998) …………………..……………..………...........14

*Spain v. Ball*
      928 F.2d 61, 62-63 (2d Cir. 1991) …………………..………………………..………...5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
       551 U.S. 308, 309 127 S. Ct. 2499, 2502 (2007)...……………….....………...……...4

*Three Crown L.P. v. Caxton Corp.*
      817 F. Supp. 1033, 1040 (S.D.N.Y. 1993)…………………………….....…………...7

## **STATUTES AND OTHER COURT RULES**

15 U.S.C. §78i (a)(1)(B and C) ...………………………………………………...Passim

15 U.S.C. §78j(b)……………..…………………………………………………....Passim

15 U.S.C. §78cc…………………………………………………………………... Passim

17 C.F.R . §240.10b-5……………………………………………………………...Passim

17 C.F.R . §240.12b-2………………………………………………………………13

18 U.S.C. §1030(g)………………………………………………………………...1,16

F.R.C.P. 9(b)………………………………………………………………………..1

F.R.C.P. 12(b)(6)…………………………………………………………………….1

Private Securities Litigation Reform Act of 1995 ...…………………………………4

## **Preliminary Statement**

Defendant/Garnishee Genesis Securities, LLC ("Genesis")[1] respectfully submits this memorandum of law in support of its motion to dismiss the Complaint,[2] pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff, Scottrade, Inc. ("Scottrade"), filed its Complaint on April 28, 2010. The Complaint seeks to recover funds allegedly lost during a "hack, pump and dump" perpetrated through the porous computer systems of Scottrade. Plaintiff erroneously alleges that Genesis, along with BroCo Investments, Inc. ("BroCo") and Valery Maltsev ("Maltsev"), or some unnamed parties, "hacked" into Scottrade's computer systems and executed a series of purchases and/or sales in the accounts of Scottrade customers to "pump" up and/or "dump" thinly traded securities for a profit. Plaintiff through its haphazard, convoluted and factually insufficient Complaint seeks to recover the funds Scottrade allegedly returned to its customers whose trading accounts Scottrade failed to protect. Plaintiff's factually deficient Complaint seeks recovery under the following inapplicable theories of law: (i) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b) and Rule 10b-5 of the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5 (collectively "Section 10(b)"); (ii) Section 9(a) of the Exchange Act, 15 U.S.C. §78i(a)(1)(B and C); (iii) Section 29(b) of the Exchange Act, 15 U.S.C. §78cc; and (iv) the Computer Fraud and Abuse Act, 18 U.S.C. 1030(g).

The Plaintiff has not provided any facts to explain precisely how Genesis could be held responsible for the allegedly fraudulent conduct of individuals who were not named as defendants in this action, who were neither employed by, nor acting on Genesis's behalf, and

---

[1]     Plaintiff incorrectly identified Genesis Securities, LLC as Genesis Investment, LLC in the Complaint. Genesis Securities, LLC is not aware of any such entity.

[2]     A copy of the Complaint ("Compl.") is annexed as Exhibit A to the June 28, 2010 Declaration of Brian Maddox ("Maddox Decl."), submitted herewith.

most importantly—which is beyond doubt—that Genesis had no knowledge of, or way to find out, that the unnamed parties allegedly "hacked" into Scottrade's internal systems to perpetrate the alleged fraud.  In essence, Scottrade seeks to hold Genesis responsible for its own flawed computer system and security lapses.  Moreover, the Complaint is devoid of a single factual allegation supporting these unfounded claims.  Particularly since the alleged scheme, if true, escaped the attention of Scottrade for over four months, during which time it was Scottrade's own accounts that were "hacked."

Specifically, the claim alleging a violation of Section 10(b) of Exchange Act and Rule 10b-5 of the Securities and Exchange Commission is unfounded, because: (i) Plaintiff lacks standing to bring these claims as it was not the purchaser of the securities at issue; (ii) none of the representations and/or omissions alleged to have been made by Genesis were false or misleading; (iii) the allegations do not adequately allege scienter or culpable intent on the part of Genesis; (iv) Plaintiff could not have reasonably relied on the supposed representations and/or omissions given that the representations and/or omissions were not made to Plaintiff; and (v) Plaintiff's purported damages were not caused by any alleged representations and/or omissions by Genesis.  *See* Point I *infra*.  Additionally, the market manipulation claim under Section 10(b) of the Exchange Act fails because Plaintiff failed to (i) allege direct participation in a scheme; and (ii) improperly relies upon blanket allegations as to the acts of all of the Defendants without identifying the nature of each Defendant's participation in the fraud.  *See* Point I- F *infra*.

Furthermore, the fundamental flaws in Plaintiffs 10(b) claims also require dismissal of Plaintiff's improperly pled "control person" claim under Section 20(a) of the Exchange Act and its claim for rescission under Section 29(b) of the Exchange Act.  *See* Points II and IV

respectively *infra*.  Lastly, the Complaint is devoid of a single factual allegation to support the allegation that Genesis "hacked" into, or had knowledge of the alleged "hacking" by other parties, to support a claim for "matched trades" under Section 9(a) of the Exchange Act, or a claim under the Computer Fraud and Abuse Act.  *See* Points III and V respectively *infra*.

In sum, the Complaint is wholly defective and baseless on its face, and should be dismissed with prejudice without an opportunity to replead.

### Statement Of Facts[3]

1.   Parties

According to the Complaint, Scottrade is an Arizona corporation with its principal office and place of business in St. Louis, Missouri.  Scottrade is a securities broker-dealer registered with the SEC.  (Compl. ¶ 1).

Genesis is a limited liability company organized under the laws of the State of New York with its principal office and place of business in New York, New York.  Genesis is a securities broker-dealer registered with the SEC.  (Compl. ¶ 4).

According to the Complaint, Defendant BroCo is a foreign corporation licensed to do business under the laws of Mauritus and has no principle place of business in the United States. (Compl. ¶ 3).  Defendant Maltsev is the President of BroCo.  (Compl. ¶ 3).

2.   The Background

According to the Complaint, beginning in August 2009, BroCo engaged in securities transactions in the United States securities markets through an account it had with Genesis. (Compl. ¶ 3).  Throughout the fall of 2009, BroCo, through its account at Genesis, and on behalf of numerous subaccount holders, entered trades to purchase and/or sell securities.  (Compl. ¶¶ 9

---

[3]      This Statement of Facts is drawn from the allegations of the Complaint, which Genesis accepts as true solely for purposes of this motion to dismiss.  *ATSI Commc'ns, Inc. v. Shaar Fund*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

and 16).  During this same time frame, Scottrade's own computer system was allegedly "hacked" into, and allegedly, unauthorized purchases and/or sales of securities were executed through the accounts of Scottrade's customers.  (Compl. ¶ 9-10).  As Your Honor is well aware, on March 15, 2010, the SEC brought suit against BroCo and Maltsev. *SEC v. Broco Inv., Inc. et al.*, 10-CV-2217 (RJH).  Genesis was not named as a defendant in that matter.  On June 18, 2010, Your Honor issued an Order granting the SEC's motion for a preliminary injunction freezing BroCo's U.S. assets and requiring it to repatriate $400,000.

## Argument

## POINT I

## THE COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE EXCHANGE ACT

First, for a plaintiff to have standing to bring a Section 10 (b) claim, the plaintiff must have purchased the securities at issues. *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 544708, *6 (S.D.N.Y. 1999).  Second, it is well-settled that a claim for violation of Section 10(b) of the Exchange Act requires a plaintiff to plead: (i) a false statement or omission of material fact or the use of a fraudulent device; (ii) scienter; (iii) reasonable reliance; and (iv) causation.  *Id.* at *7; *S.E.C. v. Monarch Funding Corp.,* 192 F.3d 295, 308 (2d Cir. 1995); *see also Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001).

Pursuant to the Private Securities Litigation Reform Act of 1995 and Rule 9(b) of the Federal Rules of Civil Procedure, a properly plead complaint must identify with specificity the allegedly fraudulent statements or omissions and explain why those statements or omissions were fraudulent.  *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 368-69 (S.D.N.Y. 2003), *aff'd sub nom.*, *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).  Additionally, the allegations must do more than simply track the statutory language of Section 10(b); otherwise the

allegations are deficient as a matter of law.  *See Ross v. A.H. Robins Co., Inc.* 607 F.2d 545, 557-58 (2d Cir. 1979) ("It will not do merely to track the language of Rule 10b-5 and rely on such meaningless phrases as 'scheme and conspiracy' or 'plan and scheme and course of conduct to deceive.' "); *see also Endovasc Ltd., Inc. v. J.P. Turner & Co., LLC*, 2004 WL 634171, at *13 (S.D.N.Y. 2004).[4]

Third, to state a market manipulation claim under Section 10(b), a plaintiff must specify, as to each defendant, "[1] what manipulative acts were performed, [2] which defendants performed them, [3] when the manipulative acts were performed, and [4] what effect the [acts] had on the market for the securities at issue." *Baxter v. A.R. Baron & Co., Inc.,* 1995 WL 600720, at *6 (S.D.N.Y. Oct. 12, 1995); *Dietrich v. Bauer,* 76 F. Supp. 2d 312, 329 (S.D.N.Y. 1999).

The Complaint fails to meet any of these aforementioned requirements and the claims asserted under Section 10(b) of the Exchange Act should be dismissed with prejudice as the Plaintiff is unable to allege any fact sufficient to support its claim.  *See, e.g., Spain v. Ball*, 928 F.2d 61, 62-63 (2d Cir. 1991).

A.    Plaintiff Lacks Standing to Maintain An Actionable Section 10(b) Claim

Scottrade does not have standing to maintain a claim under Section 10(b), because such a right of action is limited to actual purchasers and sellers of the securities at issue.  *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 730-31 (1975); *Birnbaum v. Newport Steel Corp.,*

---

[4]    Affirmed in part and overturned on a unrelated issue.  *Endovasc, Ltd. v. J.P. Turner & Co., LLC*, 169 Fed.Appx. 655, 656 (2d Cir. 2006)  The Second Circuit held that the district court properly dismissed plaintiff's claims brought under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  As detailed in the district court's opinion, the complaint at issue in *Endovasc* (1) failed to plead the security fraud claims with the required particularity; and (2) presented an "incomprehensible" claim of market manipulation. The Second Circuit therefore affirmed the dismissal of those claims.  *Id.*

193 F.2d 461, 463-64 (2d Cir. 1952).   Similarly, the Plaintiff may not maintain a claim for damages under Section 10b-5 unless it is a purchaser or seller of securities.   *Frankel v. Slotkin*, 984 F.2d 1328, 1334 (2d Cir. 1993).   Additionally, to the extent that Plaintiff is alleging a separate market manipulation claim, it has no standing to bring such a claim since it cannot allege that it purchased or sold securities in connection with the alleged manipulation.   *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 544708, *6 (S.D.N.Y. 1999).   In this case, Scottrade did not purchase the securities, it merely executed the trades on behalf of its customers.   Accordingly, the Section 10(b) claim should be dismissed.

B.     The Complaint Does Not Allege An Actionable Misrepresentation And/Or Omission

Plaintiff has not alleged a single actionable misrepresentation and/or omission by Genesis.   The only allegation against Genesis is that they allegedly failed to ascertain the identities and/or "the purpose or intentions" of the subaccount holders.   (Compl. ¶16).   This allegation is not a misrepresentation and/or an omission on the part of Genesis.   Plaintiff has not provided a single factual allegation that Genesis failed to complete these tasks, nor have they alleged how that omission if true, which it is not, is in any way fraudulent.   Such bare allegations plainly do not meet the requirement to plead with particularity why a statement or omission was allegedly fraudulent.   *See In Re Optionable Sec. Litig.*, 577 F. Supp. 2d 681, 689, 691 (S.D.N.Y. 2008) (complaint must include "factual allegations . . . based on adequate sources [that] justify plaintiffs' conclusion" that defendant's statements or omissions were materially misleading.) (citation omitted); *In re FBR Inc. Sec. Litig.*, 544 F. Supp. 2d 346, 359 (S.D.N.Y. 2008) (holding that a brief description of defendants' compliance program is not actionable).   Moreover, "courts are especially vigilant in applying Rule 9(b) where a complaint is made against multiple defendants," as is the case here.   *Scone Inv., L.P. v. American Third Mkt. Corp.*, 1998 WL 205338, * 4 (S.D.N.Y. Apr. 28, 1998); *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d

6

1242, 1247 (2d Cir. 1987).  The Complaint improperly lumps together two corporate defendants and an individual defendant throughout.  Plaintiff must specify which acts were performed specifically by Genesis, and delineated from those of Broco and/or Maltsev.  Rule 9(b) is not satisfied where defendants are grouped together in such a fashion.  *In re Blech Securities Litigation,* 928 F. Supp. 1279, 1294 (S.D.N.Y. 1996); *Three Crown L.P. v. Caxton Corp.,* 817 F. Supp. 1033, 1040 (S.D.N.Y. 1993).

Furthermore, an allegation that the company had insufficient and unreliable controls, audit procedures and computer systems, and that management lacked credibility, reliability, diversification and professionalism was not omission of "fact" so as to render liability to investors under § 10(b).  *In re Crazy Eddie Sec. Litig.*, 817 F.Supp. 306, 315 (E.D.N.Y. 1993).  Accordingly, Plaintiff's Section 10(b) claim should be dismissed.

C.      The Allegations Do Not Raise A "Strong Inference" Of Scienter

The Complaint does not, and cannot, provide any factual allegations that Genesis participated in, knew of, or even suspected that BroCo, Maltsev, the subaccount holders, or some unnamed third party were perpetrating the alleged fraudulent scheme.  Thus, the Complaint does not raise a strong inference that Genesis acted with the requisite state of mind necessary to maintain a Section 10(b) claim.

To plead scienter, a complaint must allege facts that: "(a) []show that defendants had both motive and opportunity to commit the fraud, or (b) . . . constitute[e] strong circumstantial evidence of conscious misbehavior or recklessness."  *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995) (citation and quotation omitted).  Moreover, the Supreme Court has held that any inference of fraudulent intent "must be more than merely plausible or reasonable -- it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 127 S. Ct. 2499, 2502 (2007).

First, the Complaint plainly fails to allege facts that even approach a "strong" inference of conscious misbehavior, which requires "facts approaching a knowledgeable participation in the fraud or a deliberate and conscious disregard of facts." *Hart v. Internet Wire, Inc.*, 145 F. Supp. 2d 360, 367 (S.D.N.Y. 2001) (quotation and citations omitted); *see also Medis Investor Group v. Medis Techs., Ltd.*, 586 F. Supp. 2d 136, 142 (S.D.N.Y. 2008) (observing that requisite level of scienter is "a state of mind approximating actual intent, and not merely a heightened form of negligence") *aff'd*, 328 F. App'x 754 (2d Cir. 2009) (quotations and citation omitted); *In re Carter-Wallace, Inc. Secs. Litig.*, 220 F.3d 36, 39 (2d Cir. 2000) (conscious or reckless misconduct is "conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care") (quotations and citation omitted).  Instead, Plaintiff summarily alleges, in a single sentence, without any further support that Genesis did not investigate the beneficiaries of the subaccounts.  (Compl. ¶16).  The Plaintiff has failed to allege any facts that show that the Genesis did not perform, much less had no intent to perform, due diligence on the subaccount holders.  *See ATSI Commc'n Inc. v. Shaar Fund, Ltd.*, 357 F. Supp. 2d 712, 716 (S.D.N.Y. 2005) ("A failure to carry out a promise in connection with a securities transaction does not constitute fraud <u>unless</u>, when the promise was made, the defendant secretly intended not to perform or knew [that] he could not perform") (quotations and citation omitted), *aff'd*, 493 F.3d 87 (2d Cir. 2007)(emphasis added); *Modern Settings, Inc. v. Prudential-Bache Secs., Inc.*, 603 F. Supp. 370, 372 (S.D.N.Y. 1985) ("the mere occurrence of the error is not sufficient to justify the inference that the promised [precautions were] not being employed") (citation omitted).

Second, the allegations contained in the Complaint do not satisfy the motive and opportunity test.  (Compl. ¶ 25).  Courts routinely reject claims based upon an alleged motivation

or desire to obtain profits as insufficient because such pecuniary incentives apply to virtually all members of the business world.  *See, e.g.*, *Acito*, 47 F.3d at 54; *SEC v. Cohmad Sec. Corp.,* 2010 WL 363844, at *1 (Feb. 2, 2010).  Furthermore, there is no reason why Genesis would risk its successful brokerage business for the minuscule profits associated with these few trades.  In sum, all that can be inferred from the Complaint is that Genesis was among the many victims of the scheme perpetrated by someone else.  There is not a plausible—much less a strong—inference that Genesis participated in, or had knowledge of, the fraud.  Consequently, the Section 10(b) claim should be dismissed for this additional reason.

D.   The Complaint Cannot Allege Reasonable Reliance

Plaintiff cannot plead that it reasonably relied on the representations and/or omission that purport to form the basis of the Complaint, because they have provided no facts asserting that Genesis "hacked" into their computer systems.  The only allegation in the Complaint regarding Plaintiff's alleged reliance is an allegation that Plaintiff's relied upon the "order[s] entered through its [Scottrade's] computer by Defendants (or those acting in concert with Defendants) as being orders actually authorized and entered by Scottrade's customers."  (Compl. ¶30).  Plaintiff, as described above, has not provided a single factual allegation that Genesis "hacked" into, or had knowledge of any "hacking" into, Scottrade's computers.  Instead, Plaintiff relies upon a generalized and improper allegation against all the Defendants, without specifically identifying the allegations as to each Defendant.  Moreover, the misrepresentation and/or omissions alleged against Genesis—that Genesis allegedly failed to ascertain the identities and/or "the purpose or intentions" of the subaccount holders—did not form the basis of Scottrade's reliance upon the "order[s] entered through its" own computer system.  It was Scottrade's own failings that caused it to rely upon allegedly bogus inputs, not any action by Genesis.  Accordingly, the Section 10(b) claim should be dismissed for this additional reason.

9

E.    The Complaint Fails To Plead Loss Causation

The securities fraud claim should also be dismissed for the independent reason that, as a matter of law, none of the alleged actions or omissions of Genesis caused Plaintiff's alleged losses.  The Second Circuit has held that a Section 10(b) claim must allege facts demonstrating "that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005) (emphasis in original) (citation omitted).  Thus, a securities fraud claim cannot rest merely upon allegations that "but for" a misrepresentation and/or omission, a certain investment would not have been made, but rather it must be supported by facts demonstrating that the alleged misrepresentation and/or omission was the proximate cause of a particular investment loss.  *See Id.* at 172-73; *see also Dura Pharms, Inc. v. Broudo*, 544 U.S. 336, 343, 125 S. Ct. 1627, 1632 (2006) ("To 'touch upon' a loss is not to *cause* a loss, and it is the latter that the law requires") (emphasis in original) (citation omitted).

Although Plaintiff conclusorily asserts that Genesis's alleged misrepresentations and/or omissions caused their loss, to plead loss causation Plaintiff must allege, *inter alia*, that its losses were a "foreseeable consequence" of the Genesis's alleged misstatements or omissions.  *See Lentell*, 396 F.3d at 172.  Plaintiff does not, and cannot, allege such foreseeability.  Notably, Genesis could not have anticipated that the other Defendants or some unnamed party would "hack" into Scottrade's flawed securities systems.  It is also obvious that Genesis itself does not control the computer trading or securities systems at Scottrade, and the Complaint is devoid of a single factual allegation that provides the causal connection between the alleged misrepresentation and/or omission and the alleged damages Scottrade's customers suffered via the "hacking" by some unnamed third party.

Additionally, in applying the loss causation standard to a claim under Section 10(b), the Second Circuit explained that the allegations must do more than address "why a particular investment was made" but also "speak to the relationship between the fraud and the loss of investment." *Id.* at 174. The Complaint fails to adequately assert how the Plaintiff relied to its detriment on any misleading statements and/or omissions. Indeed, courts have found that loss causation is lacking where, as here, the alleged loss is more directly linked with intervening factors, including the fraud of third parties. *See, e.g., Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57, 61-62 (2d Cir. 1985). Thus, the lack of any legally cognizable connection between the alleged misrepresentations and/or omission and Plaintiff's investments losses provides an additional ground to dismiss the Section 10(b) and 10(b)-5 claims.

F.   The Complaint Does Not Allege An Actionable Market Manipulation Claim

To state a market manipulation claim, Plaintiff must specify, as to **each** Defendant, "[1] what manipulative acts were performed, [2] which defendants performed them, [3] when the manipulative acts were performed, and [4] what effect the [acts] had on the market for the securities at issue." *Baxter v. A.R. Baron & Co., Inc.,* 1995 WL 600720, at *6 (S.D.N.Y. Oct. 12, 1995); *Dietrich v. Bauer,* 76 F. Supp. 2d 312, 329 (S.D.N.Y. 1999). Plaintiff "must allege direct participation in a scheme to manipulate the market." *Dietrich,* 76 F. Supp. 2d at 338; *Blech II,* 961 F. Supp. at 580, 585. "[A] complaint may not rely upon blanket references to the acts of all of the defendants without identifying the nature of each defendant's participation in the fraud." *Scone Invs.,* 1998 WL 205338, at *4. To maintain an action under Section 10(b) "'[a] plaintiff asserting a market manipulation claim must allege direct participation in a scheme to manipulate the market for securities. *Fezzani v. Bear, Stearns and Co. Inc.,* 384 F. Supp. 2d 618, 641 (S.D.N.Y. 2004). (quoting *In re Blech Secs. Litig.* ("Blech II, 961 F. Supp. 569, 580 (S.D.N.Y. 1997)). "[N]o claim can lie against the [] Defendants for aiding and abetting [] market

manipulation." *Id.*

The Complaint does not adequately allege, because it factually cannot, that Genesis participated in, or had knowledge of, the alleged manipulative conduct of Defendants BroCo and Maltsev, or some unnamed party.  The Complaint simply asserts that Genesis, innocently and without knowledge of any wrongful acts, facilitated one half of the allegedly fraudulent transactions.  *Blech II,* 961 F. Supp. at 584-85; *Blech III,* 2002 WL 31356498, at *4 (S.D.N.Y. Oct. 17, 2002) ("the [c]omplaint crosses the line dividing secondary liability from primary liability when it claims that [Defendant] [] 'directed' or 'contrived' certain allegedly fraudulent trades").  Plaintiff, as described above, has not provided a single factual allegation that Defendant "hacked" into, or had knowledge of any "hacking" into, Scottrade's computers, and the Complaint's generalized allegations that improperly lump Genesis with the other Defendants, and some other unnamed party, are insufficient to maintain a claim for market manipulation under Section 10(b) of the Exchange Act.  Accordingly, Plaintiff's poorly plead market manipulation claim under Section 10(b) should be dismissed.

## POINT II

### THE COMPLAINT DOES NOT
### <u>STATE A CLAIM FOR CONTROL PERSON LIABILITY</u>

The Complaint also, although improperly, seeks to impose liability on Genesis as alleged "control persons" of Defendants Broco and Maltseve under Section 20(a) of the Exchange Act.[5] The control person claim requires Plaintiff to allege:  (i) a primary violation of Section 10(b); and (ii) that Genesis was a culpable participant in the alleged fraud.  *See SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996).  In order to establish a prima facie case of

---

[5]    The Complaint does not separate this allegation into a separate count, but merely includes it within the Section 10(b) and 10(b)-5 claim in Count I (Compl. ¶28), as well as, the Section 9(b) claim in Count II (Compl. ¶36).

control person liability, a plaintiff must show a primary violation by the controlled person and control of the primary violator by the targeted defendant, *see Marbury Mgmt., Inc. v. Kohn,* 629 F.2d 705, 715-16 (2d Cir. 1980), and show that the controlling person was " 'in some meaningful sense [a] culpable participant[ ] in the fraud perpetrated by [the] controlled person[ ],' " *Gordon v. Burr,* 506 F.2d 1080, 1085 (2d Cir.1974) (quoting *Lanza v. Drexel & Co.,* 479 F.2d 1277, 1299 (2d Cir.1973) (en banc)).   As discussed above, the Complaint fails to plead a primary violation of Section 10(b), and as such, the claim can be dismissed for this independent reseaon. Moreover, the control person claim fails to adequately plead that Genesis was a culpable participant in the alleged primary violation.   *See Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221, 244 (S.D.N.Y. 2006).

To establish an allegation of "control" over a primary violator the Plaintiff must establish "that the defendant possessed 'the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'" *First Jersey Securities, Inc*., 101 F.3d at 1472 -1473 (citing 17 C.F.R. § 240.12b-2). Indeed, Section 20(a)'s culpable participation requirement is similar to the scienter requirement of Section 10(b); plaintiffs must "plead with particularity facts giving rise to a strong inference that the controlling person knew or should have known that the primary violator, over whom that person had control, was engaging in fraudulent conduct." *In re Global Crossing, Ltd. Secs. Litig.,* 471 F.Supp.2d 338, 351 (S.D.N.Y.2006); *see also In re Refco, Inc. Sec. Litig.*, 503 F.Supp.2d 611, 661 (S.D.N.Y. 2007).   The Complaint is devoid of a single allegation that Genesis "hacked," (or had knowledge of the alleged "hacking") or in any way caused the executions of the trades at Scottrade.  Moreover, Genesis as the broker/dealer played no role in the selection of

the securities at issue in this matter.  For these reasons, Plaintiff's improperly pled control person allegation should be dismissed.

## POINT III

### THE COMPLAINT FAILS TO STATE A CLAIM
### FOR MATCHED TRADES UNDER THE EXCHANGE ACT

Plaintiff haphazardly and erroneously alleges that Genesis knowingly participated in the execution of "matched trades" in violation of section 9(a) of the Exchange Act. (Compl. ¶¶33-39).  It is well settled law that in order "[t]o make out a violation of subsection 9(a)(1) . . . a plaintiff must prove the existence of (1) a wash sale or matched orders in a security, (2) done with scienter and (3) for the purpose of creating a false or misleading appearance of active trading in that security." *S.E.C. v. Malenfant* 784 F.Supp. 141, 144 (S.D.N.Y. 1992) (internal quotation omitted); *see also S.E.C. v. Competitive Tech., Inc.*, 2005 WL 1719725, at *6 (D.Conn. 2005).  Matched orders are "orders for the purchase or sale of a security that are entered *with the knowledge* that orders of substantially the same size, at substantially the same time and price, have been or will be entered by the same or different persons for the sale/purchase of such security." *SEC v. U.S. Environmental, Inc.,* 155 F.3d 107, 109 (2d. Cir.1998) (quoting *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 205 n. 25, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)) (internal quotation omitted) (emphasis added).

The Plaintiff has failed to adequately allege scienter.  The standard for scienter in securities fraud cases has generally been stated in relation to section 10(b) manipulation claims rather than section 9(a) manipulation claims; however courts have consistently applied the same standard to both sets of claims. *Fezzani,* 384 F.Supp.2d at 637.  As described above in Section I-C, *supra*, the Complaint is devoid a single allegation that rises to the level of gross negligence or recklessness required to maintain a Section 10(b), or in this case, Section 9(a) claim.

Additionally, the Complaint does not, and cannot allege, that Genesis was aware of the trades executed by unnamed third parities through Scottrade's internal computer system. Indeed, there is no allegation that Genesis had any knowledge of the counterpart trades executed through Scottrade. Moreover, any allegation that Genesis should have identified the fraudulent trading based upon the trading information available to Genesis is baseless. Absent the corresponding Scottrade trading information, there is no possible way for Genesis to conclude that certain potentially suspicious trades in the subaccounts were actually improper. The Plaintiff's insistence that Genesis should have known something that Scottrade itself could not, and did not, identify for over four months is preposterous. Thus, the Complaint does not, because Plaintiff cannot, allege that Genesis entered trades <u>with knowledge</u> of corresponding counter trades. Accordingly, the Section 9(a) claim should be dismissed.

**POINT IV**

**THE COMPLAINT FAILS
<u>TO STATE A CLAIM FOR RESCISSION</u>**

The Complaint also seeks to rescind the trades under Section 29(b) of the Exchange Act. A claim for rescission requires the plaintiff to allege a primary violation of Section 10(b). *See Log On Am., Inc. v. Promethean Asset Mgmt. L.L.C.,* 223 F.Supp.2d 435, 452 (S.D.N.Y. 2001); *see also Nat' Union Fire Ins. Co. of Pittsburgh, Pa. v. Turtur*, 892 F.2d 199, 206 (2d Cir. 1989). As discussed above, the Complaint fails to plead a primary violation of Section 10(b). Consequently, the Section 29(b) claim should be dismissed. *See* Point I, *supra*.

**POINT V**

**PLAINTIFF'S CLAIM BASED UPON THE COMPUTER FRAUD AND ABUSE ACT
SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD
THAT GENESIS HACKED INTO PLAINTIFF'S POROUS COMPUTER SYSTEMS**

The Complaint is devoid of a single factual allegation or claim purporting to assert that Genesis "hacked," or had any knowledge of said "hacking" by third parties, into Plaintiff's deficient computer trading system.  To state a claim for relief under the Computer Fraud and Abuse Act (18 U.S.C. §1030(g)), the plaintiff must plead sufficient facts to show 1) Genesis accessed a protected computer without authorization or in excess of its authorization; 2) Genesis did so knowingly and with intent to defraud; 3) through such access Genesis both furthered its intended fraud and obtained something of value; and 4) Genesis's conduct caused Plaintiff to suffer losses. *See Cenveo, Inc. v. Rao,* 659 F.Supp.2d 312, 315 (D. Conn. Sept. 30, 2009).

Plaintiff's allegations regarding this claim are sparse and unsubstantiated.  Moreover, the allegations clearly do not rise to the level evidencing that Genesis "knowingly and with the intent to defraud" accessed Scottrade's computer system.  As such, this claim is a baseless last ditch attempt to hold Genesis liable for the allegedly fraudulent acts of others and the obvious deficiencies and failures of Scottrade's own securities systems.   Accordingly, this claim should be dismissed with prejudice.

## Conclusion

For the foregoing reasons, Defendant Genesis Securities, LLC respectfully request that the Court dismiss the Complaint with prejudice.

Dated:  New York, New York
        June 28, 2010

**LAX & NEVILLE, LLP**


By:      */s/ Brian J. Neville*
        Brian J. Neville, Esq.
        Barry R. Lax, Esq.
        Brian Maddox, Esq.
        1412 Broadway, Suite 1407
        New York, NY 10018
        Tel:  (212) 696-1999

        *Attorneys for Garnishee/Defendant*
        *Genesis Securities, LLC*

17